# UNITED STATES DISTRICT COURT
for the

Northern District of Indiana

| United States of America | ) |
|---|---|
| v. | ) |
| NATHAN VANDERAA | ) Case No. 3:11-mj-40 |
|  | ) |
|  | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June, 2011,__ in the county of __Pulaski__ in the __Northern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18:922(g)(3) | Drug User in Possession of a Firearm or Ammunition |
| 21:841(a)(1) | Possession of a Controlled Substance |
| 21:841(a)(1) | Manufacture of a Controlled Substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

FILED
JUN 15 2011
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

_Complainant's signature_

Jason M. Gore, Special Agent, BATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 06/15/2011

S/Christopher A. Nuechterlein
_Judge's signature_

City and state: South Bend, Indiana     Honorable Christopher A. Nuechterlein
_Printed name and title_

STATE OF INDIANA           )
                           ) SS:
ST. JOSEPH COUNTY          )

## AFFIDAVIT

I, Jason M. Gore, being duly sworn upon oath, state as follows:

1. Your Affiant is a Special Agent (hereinafter "S/A") with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), and has been so employed since 2004.

2. Your Affiant is empowered to conduct investigations related to criminal possession of firearms and make arrests for offenses against the laws of the United States of America.

3. Your Affidavit seeks the authority to arrest Nathan **VANDERAA**, male, white, DOB: 01-23-1978, SSN: 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. **VANDERAA** resides at 4838 South 500 East, Star City, Indiana.

4. Based on your Affiant's training and experience, your Affiant believes that **VANDERAA** violated sections of the federal firearms and narcotics laws. The statutes relating to these violations are: Title 18, U.S.C., Section 922 (g)(3), "Drug User in Possession of a Firearm or Ammunition," Title 21, U.S.C., Section 841(a)(1), "Possession of Controlled Substance, (Methamphetamine)," and Title 21, U.S.C., Section 841(a)(1), "Manufacture of a Controlled Substance, (Methamphetamine)."

5. The information contained in this Affidavit was developed during an investigation into the armed drug trafficking of methamphetamine by Nathan **VANDERAA** in and around Pulaski County, Northern Judicial District of Indiana.

6. Your Affiant has personally conducted interviews, written reports and reviewed documents generated by Pulaski County Sheriff's Office, and the Pulaski County Prosecutor's Office pertaining to the arrests of Nathan **VANDERAA**.

7. On June 3, 2011, Pulaski County Sheriff's Deputy M. Anderson stopped a vehicle driven by Nathan **VANDERAA**, for a traffic violation. Deputy M. Anderson states in a Pulaski County Police report that he observed **VANDERAA** traveling westbound near Monterey, Indiana. Deputy Anderson stated that he registered **VANDERAA's** vehicle speed on his forward facing radar at 60 miles per hour (mph) in a 55 mph zone. Deputy Anderson stated that he made visual contact with the driver, Nathan **VANDERAA**, as the vehicle passed him. Deputy Anderson recalled that as he turned his squad car around, to affect a traffic stop on **VANDERAA's** vehicle, he observed **VANDERAA** drop a bag containing a white powdery substance, from the front seat driver's side window. Deputy Anderson stated that he recovered the bag with the white powdery substance from the roadway, then conducted a traffic stop on the vehicle driven by **VANDERAA**. From Deputy Anderson's training and experience, he believed the white powdery substance was a controlled substance. Deputy Anderson took **VANDERAA** into custody for Possession of a Controlled Substance. Deputy Anderson conducted a field test on the white powdery substance, which tested positive for the presence of methamphetamine.

8. On June 8, 2011, Pulaski County Sheriffs Deputies along with Officers from the Indiana State Police, executed a Search Warrant on **VANDERAA's** residence located at 4838 South 500 East, Star City, Indiana. The Search Warrant was obtained when Pulaski County Sheriff's Officers accompanied a Starke County Indiana Probation Officer to **VANDERAA's** residence to conduct a probation visit. While at the residence, investigators noticed a strong

2

odor of ether, a known chemical used for the production of methamphetamine emanating from the basement of the residence. Investigators also noticed several spent cartridges of ammunition lying in the backyard and on the deck of the residence.

9. During the search investigators seized 757 rounds of assorted calibers of ammunition, two (2) loaded 22 caliber pistol ammunition magazines, and one (1) gross gram of a white powdery substance that later field tested positive for the presence of methamphetamine.

10. Investigators located the following items used to manufacture methamphetamine. Several full and empty blister packs of pseudoephedrine located throughout the residence. Five (5) one (1) gallon containers of Coleman fuel located inside of a cooler. Two (2) containers of "Liquid Fire," located inside of the garage. Numerous burned lithium battery cases located throughout the yard in several fire pits. A container of "Drano" located inside of the garage and a can of starting fluid (ether) with the top punched out located inside of a trash can in the garage.

11. On June 8, 2011, your Affiant conducted an interview of Keilly Parish, girlfriend of **VANDERAA**. Parish stated that she has dated **VANDERAA** since 2010. Parish stated in early 2011 she began to notice a different behavior in **VANDERAA** and associating with a different crowd of people.

12. Parish stated that she knows that **VANDERAA** manufactures and sells methamphetamine. Parish stated that she has never seen **VANDERAA** make methamphetamine because he cooks it in the daytime when she is at work. Parish recalled that she has not seen **VANDERAA** sell methamphetamine because he leaves at night and is out late.

13. Parish recalled that in early 2011, **VANDERAA** offered to pay her $50.00 per box of pseudoephedrine pills that she bought. Parish recalled that she purchased boxes of pseudoephedrine tablets on several occasions for **VANDERAA** from local drug stores. Parish stated that **VANDERAA** has several other people buy boxes of pseudoephedrine pills.

3

14. Parish stated she has tried methamphetamine on a few occasions. Parish recalled that on two (2) of the occasions **VANDERAA** provided her methamphetamine to use.

15. Parish stated that **VANDERAA** has four (4) firearms: two (2) handguns and two (2) long guns. Parish stated that one of the handguns was a "500" revolver (from your Affiant's training and experience, your Affiant believes that it either a Smith and Wesson or Taurus 500 revolver, 50 caliber), and the other is a black semi-automatic. Parish could not provide any information about the long guns.

16. Parish stated that on Sunday, June 5, 2011, **VANDERAA** instructed her to take the "500" and two (2) long guns from his residence over to his parent's residence located in Pulaski County, Indiana. Parish stated that **VANDERAA's** parents were not home at the time, but she knew how to get into the residence. Parish stated she put the guns under a bed inside the residence.

17. ATF Firearm Interstate Nexus Expert S/A Kevin Whitaker conducted a preliminary examination of the Pulaski County Sheriff's Department Property Record and Receipt form containing the recovered ammunition from **VANDERAA's** residence. From the information provided, S/A Whitaker determined that none of listed ammunition with manufacturer information was made in the State of Indiana.

18. Based upon the following information your Affiant believes probable cause exists to arrest Nathan **VANDERAA** for the following violations: Title 18, U.S.C., Section 922 (g)(3), "Drug User in Possession of a Firearm or Ammunition," Title 21, U.S.C., Section 841(a)(1), "Possession of Controlled Substance, (Methamphetamine)," and Title 21, U.S.C., Section 841(a)(1), "Manufacture of a Controlled Substance, (Methamphetamine)."

AFFIANT FURTHER SAYETH NOT.

_____
Jason M. Gore, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives


Subscribed and sworn to before me this 15th day of June, 2011.



S/Christopher A. Nuechterlein
_____
Honorable Christopher A. Nuechterlein
United States Magistrate Judge
United States District Court
Northern District of Indiana
South Bend Division